## SWANSON v. WHITE.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

RECEIPT IN FULL—CONCLUSIVENESS.

Where the drawer of a check reading in full to date remarked that, if there was any mistake, he would rectify it, and the payee, relying on such remark, did not read the check, the payee's acceptance and indorsement of the check did not conclude him from recovering any balance due, and hence judgment against him on that ground will be reversed.

Appeal from Chenango county court.

Action by Carl Swanson against Wilbur D. White for debt. From a judgment for defendant, plaintiff appeals. Reversed.

Between April, 1897, and October, 1897, the plaintiff, at the request of the defendant, furnished board for three different men employed by the defendant at an agreed price of $2.50 per week. Upon October 17, 1897, the parties attempted to adjust their accounts. The balance due, as appeared upon the plaintiff's book, was somewhat in excess of that which appeared upon the defendant's book. After some discussion, the defendant gave to the plaintiff a check for the balance as appeared to be due upon his own book, the check reciting that it was "in full to date." At the time of the giving of the check the defendant said to the plaintiff that, if there was any mistake, he would rectify it. This fact is disputed by the defendant, but for the purpose of this appeal must be deemed to have been found upon sufficient evidence by the justice. The plaintiff swears that he did not notice that the check read "in full to date." He afterwards cashed the check, and thereafter brought this action for the balance claimed to be due from the defendant. He recovered in justice's court the sum of about $17. The judgment entered upon this recovery the county court has reversed, and from this reversal this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Bixby & Brown, for appellant.
Harry J. Mosher, for respondent.

SMITH, J. The plaintiff swears that upon receiving the check he did not notice that the check read "in full to date." This, in connection with his testimony to the effect that he received it upon the assurance of the defendant that, if there was any mistake, it would be corrected, would seem to bring the case within the authority of Boardman v. Gaillard, 60 N. Y. 614. This case holds that "a party who, upon the receipt of a sum of money, supposing that he is simply receipting therefor, signs, without reading it, a receipt in full of

all accounts, is not concluded thereby from recovering any other sum due him." As no further error is claimed by the respondent to have been made by the justice, we find no sufficient reason for the reversal by the county court.

Judgment of the county court reversed, and that of the justice's court affirmed, with costs in both courts. All concur.